IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOAN E. MORRIS-BELCHER, )
TIFFANY C. McCRAVEY, RISHA )
HAMLIN, and CHANDRA SHERRILL, )
)
          Plaintiffs, )
)
          v. ) #1:04CV255
)
HOUSING AUTHORITY OF THE CITY )
OF WINSTON-SALEM, )
)
          Defendant. )

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

      This matter is before the court on Defendant's motion to compel and motion for sanctions (docket no. 21) and Defendant's supplement to those motions (docket no. 22), pursuant to FED. R. CIV. P. 37. Plaintiffs have not responded in opposition to the motions, and in this posture the matter is ripe for disposition. For the following reasons, the motion for sanctions will be granted. Furthermore, it will be recommended that, in addition to the sanction awarded by the undersigned, the district court strike a portion of the Plaintiffs' pleadings.

**Background**

      Plaintiffs have filed a complaint in this court alleging unlawful discrimination on the basis of sex by Defendant, their former employer. Alleging not only that Defendant created a "hostile sexual environment" in the workplace but also that it promoted female employees on the basis of "sexual conduct," Compl., p. 3 (docket

no. 1), Plaintiffs have asked the court to "[a]ward Plaintiffs compensatory damages for pecuniary losses, emotional pain, and mental anguish in excess of $10,000 each." *Id.*, p. 5. Defendant presents this motion to compel, etc., to the court as a result of Plaintiffs' actions and conduct during discovery.

Plaintiffs missed their discovery deadlines repeatedly. In October 2004 Plaintiffs asked for 15 extra days to respond to Defendant's first set of interrogatories and production of document requests, but still failed to produce any responses before the extended deadline. When Plaintiffs did respond, their answers were incomplete, most notably lacking medical information and tax records requested by Defendant, which are essential elements to Plaintiffs' demands for damages. In November and December 2004 Plaintiffs provided Defendant with further information regarding the tax records, but Defendant characterizes that information as both "informal" and "not complete." Mot. to Compel and Mot. for Sanctions, p. 3. With the exception of Plaintiff McCravey,[1] Plaintiffs did finally provide Defendant with written authorizations to access their medical records in December 2004 (more than a month beyond the extended deadline), but these belated responses made it impossible to complete discovery before the original deadline of January 29, 2005.

Upon receiving an extension of discovery from the court until March 21, 2005, Defendant served Plaintiffs with a second set of interrogatories and a first request

---

[1] Plaintiff McCravey refuses to allow Defendant any access to her medical records even though she had previously agreed to do so in response to Defendant's first set of interrogatories.

for admissions. With the exception of Plaintiff Sherrill, Plaintiffs did not respond to this second round of questioning at all, and Plaintiff Sherrill's responses to the second set of interrogatories were not faxed to Defendant counsel's office in Raleigh until her reconvened deposition had already started in Winston-Salem on March 15, 2005. Plaintiffs Morris-Belcher and McCravey did not appear at all for their reconvened depositions on March 16, 2005.

Furthermore, Plaintiffs' counsel has not responded to Defendant's motion to compel and motion for sanctions[2] and provided very little by way of explanation for these lapses at the motion hearing held on May 18, 2005. Defendant's motion, therefore, seeks an order from the court compelling Plaintiffs to provide supplemental responses to Defendant's first set of discovery (including additional medical records requested) and thorough responses to Defendant's second set of discovery. Defendant also seeks monetary sanctions from Plaintiffs and their counsel, as well as outright dismissal of claims by Plaintiff McCravey.

## Analysis

The court finds that Defendant has been substantially prejudiced by Plaintiffs' repeated failure to produce timely and thorough discovery responses and by Plaintiffs' unexplained failure to appear for or complete reconvened depositions as set out in Defendant's motion to compel. In addition, Plaintiffs' failure to produce

---

[2] LR7.3(k) provides that "[i]f a respondent fails to file a response within the time required by this rule [20 days], the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." Notwithstanding this clear directive in the local rules, this court nevertheless set a hearing on the motions which Plaintiffs' counsel attended and where he was heard.

discovery responses has foreclosed Defendant's ability to complete Plaintiffs' depositions and to adequately prepare for trial.  Because the scheduled trial date is less than seven weeks away, and even the extended deadline for discovery is three months passed, the court finds that any future disclosure of responsive discovery material by Plaintiffs is not a suitable remedy and would further prejudice Defendant.

The court also finds that the crux of the information that Plaintiffs have failed to produce (the medical records and tax information) relates to their allegations of emotional pain, suffering and mental anguish, and their claims for pecuniary losses. Accordingly, the court has determined that prohibiting Plaintiffs from introducing such matters in evidence is proper.  *See* FED. R. CIV. P. 37(b)(2)(B) and 37(c)(1).

Though FED. R. CIV. P. 37 authorizes the dismissal of an action for Plaintiffs' failure to participate in discovery, the Fourth Circuit requires the district court to give the party an "explicit and clear notice" of the consequences for failing to comply with the court's conditions before dismissing a claim with prejudice.  *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 472 (4th Cir. 1993).  Because Plaintiffs were not clearly and explicitly warned that their conduct during the discovery process could warrant dismissal, the court finds that a recommendation for dismissal is inappropriate.[3]

---

[3] The court notes that prohibiting evidence is, in some cases, functionally equivalent to a dismissal, but also notes that the Fourth Circuit has stated that "[a] trial court may preclude evidence under FED. R. CIV. P. 37(b)(2)(B) even if to do so is

Concerning sanctions that fall short of dismissal, such as striking pleadings, it appears that a magistrate judge must address the matter by recommendation rather than by order because an order would very likely cross the line from "nondispositive" to "dispositive" under FED. R. CIV. P. 72. *Cf.* 12 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3068.2, p. 332 (2d ed. 1997) (hereafter Wright & Miller) ("Any pretrial matter properly referred to a magistrate judge must be categorized as either 'dispositive' or 'nondispositive' for purposes of the standard of review to be exercised by the district judge."). In relation to dispositive pretrial motions, a magistrate judge may only make recommendations to the district judge under FED. R. CIV. P. 72(b). Moreover, although 28 U.S.C. § 636(b)(1)(A) lists eight dispositive motions upon which a magistrate judge may not rule, courts have not limited their inquiry to this list, allowing them to focus on the import of the magistrate judge's order and "reach commonsense decisions rather than becoming mired in a game of labels." Wright & Miller § 3068.2, p. 338. In a leading case out of the Tenth Circuit, the court of appeals found a magistrate judge's imposition of sanctions under FED. R. CIV. P. 37 was dispositive insofar as it sought to strike pleadings, but not in awarding of attorneys' fees. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir.

---

tantamount to a FED. R. CIV. P. 37(b)(2)(C) dismissal." *Rabb v. Amatex Corp.,* 769 F.2d 996, 1000 (4th Cir. 1985)(citations omitted).

1988). Seeing no contrary precedent in the Fourth Circuit, in my view, I am constrained to make a recommendation concerning striking pleadings, but I can issue an order awarding attorneys' fees.

**Conclusion**

For the foregoing reasons, it is **ORDERED** that Defendant's motion to compel and motion for sanctions are **GRANTED** as follows:

1. Plaintiffs and their counsel shall pay to counsel for Defendant reasonable expenses and attorneys' fees for obtaining this order, including, but not limited to, all such expenses and fees incurred in relation to the drafting, filing, and seeking ruling upon Defendant's motion to compel, motion for sanctions, and Defendant's supplement to those motions;

2. Plaintiffs Morris-Belcher, McCravey, and their counsel shall pay to counsel for Defendant reasonable expenses and attorneys' fees for their failure to appear for the properly noticed March 16, 2005, depositions and the subsequent work that was necessary to reschedule Plaintiffs' depositions. Defendant's counsel shall file all necessary papers in support of an award for fees and expenses no later than June 20, 2005. Plaintiffs' counsel may file objections to the claimed award no later than June 30, 2005.

3. Defendant's request for admissions properly served upon Plaintiffs Morris-Belcher, McCravey, and Hamlin are deemed admitted, pursuant to FED. R. CIV. P. 36.

**FURTHERMORE**, **IT IS RECOMMENDED** as follows:

1. That an order be entered striking the pleadings of Plaintiffs Morris-Belcher, McCravey, Hamlin, and Sherrill for damages for emotional pain, suffering, or mental anguish and that Plaintiffs be prohibited from introducing any evidence (whether documents, testimony, or any other form of proof) of their alleged emotional pain, suffering, or mental anguish because of their failure to provide timely and thorough responses to Defendant's discovery requests.

2. That an order be entered striking all pleadings by Plaintiff Sherrill for loss of income, compensatory damages and backpay and prohibiting Plaintiff Sherrill from introducing any evidence (whether documents, testimony or any other form of proof) of her alleged loss of income, her claim for compensatory damages, or backpay based on her failure to produce properly requested information, namely her failure to produce requested income tax returns for 2002-2004, her failure to disclose rates of pay for the jobs that she described in her response to Interrogatory Number 16, and her failure to disclose the dollar amount of her alleged financial losses referenced in her response to Interrogatory Number 18.

_____
Wallace W. Dixon
United States Magistrate Judge

May 26, 2005